IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WHEELER C. SCOTT                                                                       PLAINTIFF

VS.                                             NO:4:07CV00366

STAFFMARK                                                                               DEFENDANT

## ORDER

Defendant Staffmark filed a motion to dismiss on July 19, 2007 arguing that Plaintiff's complaint should be dismissed for lack of jurisdiction, failure to state a claim upon which relief may be granted, failure to join a party, insufficiency of process and insufficiency of service of process. Plaintiff failed to respond in a timely manner.  In a Show Cause Order entered August 14, 2007 the Court directed Plaintiff to respond to the Court on or before August 23, 2007 to show cause why he had not responded to the pending motion to dismiss.  The Court warned Plaintiff that failure to respond to the Order could result in the dismissal of his case.

On August 23, 2007 the Defendant filed a notice with the Court demonstrating that correspondence sent to the Plaintiff's last known address had been returned by the postal service stamped "Return to Sender, Box Closed, No Order."   On August 24, 2007, the Defendant filed another notice with the Court indicating that the Plaintiff had contacted counsel for Defendant and confirmed that the address listed was correct.  Defendant then re-mailed copies of its motion to dismiss and supporting papers.

As of September 6, 2007, Plaintiff had not responded to Defendant's motion or the Order of

1

this Court. Accordingly, the Court dismissed Plaintiff's complaint for failure to comply with Local Rule 5.5(c)(2). Plaintiff filed a response to the Defendant's motion on September 12, 2007 requesting that he be "granted what sued for." Plaintiff did not address the merits of Defendant's motion to dismiss, show cause why he did not respond to the motion in a timely manner or state the reason he failed to comply with the Court's August 14 Order.

Under Rule 60(b)(1), a district court may grant relief from a judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect." The term "excusable neglect" in this context is generally " 'understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.' " "To be excusable, however, the neglect must be accompanied by a showing of good faith and some reasonable basis for not complying with the rules. Neither a mistake of law nor the failure to follow the clear dictates of a court rule constitutes excusable neglect." *Noah v. Bond Cold Storage,* 408 F.3d 1043, 1045 (8th Cir. 2005).

Plaintiff has failed to demonstrate excusable neglect, accordingly, the Court finds that Plaintiff is not entitled to relief from the judgment dismissing his case without prejudice.

IT IS SO ORDERED this 17$^{h}$ day of September, 2007.

_____
James M. Moody
United States District Judge